ORIGINAL

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :
                                          SEALED INDICTMENT
          - v. -                      :
                                          10 Cr.
JIN MEI LI,                           :
    a/k/a "Rose,"
JAVONE MAJOR,                         :
    a/k/a "Chris Giaconna,"           :
MARCUS CINTRON,
BEI SHI,                              :
    a/k/a "Jerry,"
JIANG JIANG,                          :
    a/k/a "Jonah,"
JIA WEI,                              :
    a/k/a "John,"
CHING HA LAU,                         :
    a/k/a "Fiona," and
GUAN ZHAO LIN,                        :
    a/k/a "King,"
                                      :
          Defendants.
- - - - - - - - - - - - - - - - - - x
```

10 CRIM 446

COUNT ONE
(Conspiracy to Commit Marriage Fraud and
Immigration Document Fraud)

The Grand Jury charges:

The Relevant Individuals and Entities

1. At all times relevant to this Indictment, JIN MEI LI, a/k/a "Rose," the defendant, was a legal permanent resident of the United States and the president of Mo-Li Immigration Services and SuccessHunter, Inc., the latter of which was incorporated in the State of New York ("Mo-Li/SuccessHunter").

2. At all times relevant to this Indictment, JAVONE MAJOR, a/k/a "Chris Giaconna," was a citizen of the United

States.

3. At all times relevant to this Indictment, MARCUS CINTRON, was a citizen of the United States.

4. At all times relevant to this Indictment, BEI SHI, a/k/a "Jerry," the defendant, was a national of the People's Republic of China.

5. At all times relevant to this Indictment, JIANG JIANG, a/k/a "Jonah," the defendant, was a national of the People's Republic of China.

6. At all times relevant to this Indictment, JIA WEI, a/k/a "John," the defendant, was a national of the People's Republic of China.

7. At all times relevant to this Indictment, CHING HA LAU, a/k/a "Fiona," the defendant, was a national of the People's Republic of China.

8. At all times relevant to this Indictment, GUAN ZHAO LIN, a/k/a "King," the defendant, was a national of the People's Republic of China.

Background on Obtaining Permanent Residency for a Spouse

9. United States citizens or lawful permanent residents may seek to obtain legal immigration status in the United States for certain relatives, including spouses. To do so the citizen or lawful permanent resident must file a Form I-130 Petition for Alien Relative with the United States Citizenship

and Immigration Services ("USCIS"). Such applications are governed by the Immigration and Nationality Act, specifically, Title 8, United States Code, Section 1154, and the implementing regulations, which appear at 8 C.F.R. § 204.1. These applications are typically filed in conjunction with a Form I-485 Application to Register Permanent Residence or Adjust Status.

10. In evaluating Form I-130 applications for spouses, employees of USCIS sometimes conduct interviews to determine whether the marriage between the United States citizen or permanent resident and the alien spouse was bona fide or instead entered into for the purpose of obtaining an immigration benefit. These interviews are called Stokes interviews, after Stokes v. United States, I.N.S., 393 F. Supp. 24, 31 (S.D.N.Y. 1975). Each spouse is interviewed separately and asked numerous, detailed questions about the other spouse and their marriage in order to determine whether the two people give consistent answers. If it is determined that the marriage was entered into fraudulently to evade the immigration laws, the application is denied.

The Marriage Fraud Scheme

11. Beginning at least in or about May 2009, through in or about May 2010, JIN MEI LI, a/k/a "Rose," JAVONE MAJOR, a/k/a "Chris Giaconna," MARCUS CINTRON, and BEI SHI, a/k/a "Jerry," the defendants, arranged fraudulent marriages between foreign nationals (the "Clients") and United States citizens so that the Clients could fraudulently obtain legal residency in the United States. The Clients included JIANG JIANG, a/k/a "Jonah,"

JIA WEI, a/k/a "John," CHING HA LAU, a/k/a "Fiona," and GUAN ZHAO LIN, a/k/a "King," the defendants.

12.   JIN MEI LI, a/k/a "Rose", controlled and was the president of Mo-Li/SuccessHunter. Mo-Li/SuccessHunter maintained offices in the Flushing section of Queens, New York. Through Mo-Li/SuccessHunter, LI solicited Clients who wished to enter into fraudulent marriages with United States citizens or lawful permanent residents in order to obtain legal residency in this country.

13.   Clients paid JIN MEI LI, a/k/a "Rose," the defendant, a fee to arrange the fraudulent marriages by, among other things, finding appropriate United States citizens or lawful permanent residents willing to enter into the fraudulent marriages, arranging the sham wedding ceremonies, assisting in filling-out and submitting false immigration forms so that the Clients could seek permanent residency based on the sham marriages, and coaching Clients and the United States citizens or lawful permanent residents on how to prepare for and answer questions posed at their <u>Stokes</u> interviews.

14.   BEI SHI, a/k/a "Jerry," the defendant, worked for JIN MEI LI, a/k/a "Rose," the defendant, at Mo-Li/SuccessHunter, and helped arrange the fraudulent marriages. As part of the scheme, SHI, among other things, attended and assisted in arranging the sham marriage ceremonies, took photographs of ceremonies for use by the Clients and United States citizens or lawful permanent residents as "proof" of the legitimacy of the

4

marriages, and assisted Clients and the United States citizens or lawful permanent residents with submitting false immigration forms.

        15.    JAVONE MAJOR, a/k/a "Chris Giaconna," and MARCUS CINTRON, the defendants, recruited United States citizens and lawful permanent residents to enter into the fraudulent marriages with the Clients. As part of the scheme, MAJOR and CINTRON, among other things, brought United States citizens and lawful permanent residents to JIN MEI LI, a/k/a "Rose," and BEI SHI, a/k/a "Jerry," the defendants, to meet potential Clients. MAJOR and CINTRON explained the fee structure to the United States citizens and lawful permanent residents - specifically, that the United States citizens or lawful permanent residents would be compensated through installment payments which would total at least $10,000. MAJOR and CINTRON explained to the United States citizens and lawful permanent residents they should expect to receive an initial payment of $1,000, followed by $200 per month during the term of the fraudulent marriage, and $5,000 when the Clients to whom they are fraudulently married, obtained legal residency after successful completion of the <u>Stokes</u> interview. MAJOR and CINTRON helped LI and SHI arrange the sham marriage ceremonies, by, among other things, arranging for the purchase of wedding garments, escorting the United States citizens and lawful permanent residents to the marriage ceremony locations, and meeting them afterwards for payments. MAJOR and CITRON also typically paid the United States citizens and lawful permanent

5

residents the first installment of $1,000.

16. JIANG JIANG, a/k/a "Jonah," the defendant, was one of the Clients of JIN MEI LI, a/k/a "Rose," the defendant. On or about June 3, 2009, JIANG participated in a staged marriage ceremony with a United States Citizen not named in this Indictment ("USC-1") in an effort to fraudulently obtain legal residency in this country.

17. JIA WEI, a/k/a "John," the defendant, was one of the Clients of JIN MEI LI, a/k/a "Rose," the defendant. On or about October 16, 2009, WEI participated in a staged marriage ceremony with a United States Citizen not named in this Indictment ("USC-2") in an effort to fraudulently obtain legal residency in this country.

18. CHING HA LAU, a/k/a "Fiona," the defendant, was one of the Clients of JIN MEI LI, a/k/a "Rose," the defendant. On or about April 9, 2010, LAU participated in a staged marriage ceremony with a United States Citizen not named in this Indictment ("USC-3") in an effort to fraudulently obtain legal residency in this country.

19. GUAN ZHAO LIN, a/k/a "King," the defendant, was one of the Clients of JIN MEI LI, a/k/a "Rose," the defendant. On or about April 23, 2010, LIN participated in a staged marriage ceremony with a United States Citizen not named in this Indictment ("USC-4") in an effort to fraudulently obtain legal residency in this country.

Statutory Allegation

20.   From at least in or about May 2009, up to and including at least in or about May 2010, in the Southern District of New York and elsewhere, JIN MEI LI, a/k/a "Rose," JAVONE MAJOR, a/k/a "Chris Giaconna," MARCUS CINTRON, BEI SHI, a/k/a "Jerry," JIANG JIANG, a/k/a "Jonah," JIA WEI, a/k/a "John," CHING HA LAU, a/k/a "Fiona," and GUAN ZHAO LIN, a/k/a "King," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 1546(a).

Objects of the Conspiracy

21.   It was a part and an object of the conspiracy that JIN MEI LI, a/k/a "Rose," JAVONE MAJOR, a/k/a "Chris Giaconna," MARCUS CINTRON, BEI SHI, a/k/a "Jerry," JIANG JIANG, a/k/a "Jonah," JIA WEI, a/k/a "John," CHING HA LAU, a/k/a "Fiona," and GUAN ZHAO LIN, a/k/a "King," the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did enter into and arrange marriages for the purpose of evading the immigration laws, in violation of Title 8, United States Code, Sections 1325(c).

22.   It was a further part and an object of the conspiracy that JIN MEI LI, a/k/a "Rose," JAVONE MAJOR, a/k/a "Chris Giaconna," MARCUS CINTRON, BEI SHI, a/k/a "Jerry," JIANG

JIANG, a/k/a "Jonah," JIA WEI, a/k/a "John," CHING HA LAU, a/k/a "Fiona," and GUAN ZHAO LIN, a/k/a "King," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, would and did make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, subscribe as true, false statements with respect to a material fact in an application, affidavit and other document required by the immigration laws and regulations prescribed thereunder, and would and did present such application, affidavit and other document containing such false statements and which failed to contain any reasonable basis in law and fact, in violation of Title 18, United States Code, Sections 1546(a).

<u>Overt Acts</u>

23.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about June 3, 2009, JAVONE MAJOR, a/k/a "Chris Giaconna," the defendant, gave USC-1 $1,000 for USC-1's participation in a sham marriage with JIANG JIANG, a/k/a "Jonah," the defendant.

b.   On or about June 1, 2009, JIANG JIANG, a/k/a "Jonah," the defendant, as part of his sham marriage to USC-1, obtained a New York State marriage license.

c.   On or about June 10, 2009, JIN MEI LI, a/k/a "Rose," the defendant, instructed USC-1 to sign a fraudulent Form

I-130 application and caused false immigration forms to be submitted to authorities in an effort to obtain legal residency status for JIANG based on the fraudulent marriage between JIANG and USC-1.

    d. On or about October 14, 2009, JIA WEI, a/k/a "John," the defendant, as part of his sham marriage to USC-2, obtained a New York State marriage license.

    e. On or about October 21, 2009, BEI SHI, a/k/a "Jerry," the defendant, instructed USC-2 to sign a fraudulent Form I-130 application and caused false immigration forms to be submitted to authorities in an effort to obtain legal residency status for JIA WEI, a/k/a "John," the defendant, based on the fraudulent marriage between WEI and USC-2.

    f. On or about April 8, 2010, CHING HA LAU, a/k/a "Fiona," the defendant, as part of her sham marriage to USC-3, obtained a New York State marriage license.

    g. On or about April 9, 2010, MARCUS CINTRON, the defendant, gave USC-3 approximately $1,000 for USC-3's participation in a sham marriage with CHING HA LAU, a/k/a "Fiona," the defendant.

    h. On or about April 21, 2010, GUAN ZHAO LIN, a/k/a "King," the defendant, as part of his sham marriage to USC-4, obtained a New York State marriage license.

    (Title 18, United States Code, Section 371.)

COUNT TWO
(Immigration Document Fraud)

The Grand Jury further charges:

24.  The allegations set forth in paragraphs 1 through 19 are repeated and re-alleged as if fully set forth herein.

25.  In or about June 2009, JIN MEI LI, a/k/a "Rose," JAVONE MAJOR, a/k/a "Chris Giaconna," and JIANG JIANG, a/k/a "Jonah," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, did make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, subscribe as true, false statements with respect to a material fact in an application, affidavit and other document required by the immigration laws and regulations prescribed thereunder, and did present such application, affidavit and other document containing such false statements and which failed to contain any reasonable basis in law and fact, to wit, LI, MAJOR, and JIANG caused a false Form I-130 Petition for Alien Relative to be submitted to immigration authorities on behalf of JIANG.

(Title 18, United States Code, Section 1546(a) and 2)

COUNT THREE
(Immigration Document Fraud)

The Grand Jury further charges:

26.  The allegations set forth in paragraphs 1 through 19 are repeated and re-alleged as if fully set forth herein.

27.  In or about October 2009, in the Southern District of New York and elsewhere, JIN MEI LI, a/k/a "Rose,"

10

JAVONE MAJOR, a/k/a "Chris Giaconna," BEI SHI, a/k/a "Jerry," and JIA WEI, a/k/a "John," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, did make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, subscribe as true, false statements with respect to a material fact in an application, affidavit and other document required by the immigration laws and regulations prescribed thereunder, and did present such application, affidavit and other document containing such false statements and which failed to contain any reasonable basis in law and fact, to wit, LI, MAJOR, SHI, and WEI caused a false Form I-130 Petition for Alien Relative to be submitted to immigration authorities on behalf of WEI.

(Title 18, United States Code, Sections 1546(a) and 2)

## FORFEITURE ALLEGATIONS AS TO COUNT ONE

28. As a result of committing the conspiracy to commit the marriage fraud and immigration document fraud offenses in violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 1546(a), in violation of Title 18, United States Code, Section 371, charged in Count One of this Indictment, JIN MEI LI, a/k/a "Rose," JAVONE MAJOR, a/k/a "Chris Giaconna," MARCUS CINTRON, BEI SHI, a/k/a "Jerry," JIANG JIANG, a/k/a "Jonah," JIA WEI, a/k/a "John," CHING HA LAU, a/k/a "Fiona," and GUAN ZHAO LIN, a/k/a "King," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), any conveyance, including any vessel, vehicle, or aircraft used

11

in the commission of the offense of which the defendants are convicted; and any property real or personal that constitutes, or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense of which the defendants are convicted; or that is used to facilitate, or is intended to be used to facilitate, the commission of the offenses of which the defendants are convicted.

Substitute Asset Provision

29.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 371, 982 and 1546; Title 8, United States Code, Section 1325; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

FORFEITURE ALLEGATIONS AS TO COUNT TWO

30. As a result of committing the immigration document fraud offense in violation of Title 18, United States Code, Section 1546(a), charged in Count Two of this Indictment, JIN MEI LI, a/k/a "Rose," JAVONE MAJOR, a/k/a "Chris Giaconna," and JIANG JIANG, a/k/a "Jonah," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the defendants are convicted; and any property real or personal that constitutes, or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense of which the defendants are convicted; or that is used to facilitate, or is intended to be used to facilitate, the commission of the offenses of which the defendants are convicted.

Substitute Asset Provision

31. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 371, 982 and 1546; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

### FORFEITURE ALLEGATIONS AS TO COUNT THREE

32. As a result of committing the immigration document fraud offense in violation of Title 18, United States Code, Section 1546(a), charged in Count Three of this Indictment, JIN MEI LI, a/k/a "Rose," JAVONE MAJOR, a/k/a "Chris Giaconna," BEI SHI, a/k/a "Jerry," and JIA WEI, a/k/a "John," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the defendants are convicted; and any property real or personal that constitutes, or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense of which the defendants are convicted; or that is used to facilitate, or is intended to be used to facilitate, the commission of the offenses of which the defendants are convicted.

### Substitute Asset Provision

33. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1546; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JIN MEI LI, a/k/a "Rose,"
JAVONE MAJOR, a/k/a "Chris Giaconna,"
MARCUS CINTRON,
BEI SHI, a/k/a "Jerry,"
JIANG JIANG, a/k/a "Jonah,"
JIA WEI, a/k/a "John,"
CHING HA LAU, a/k/a "Fiona,"
GUAN ZHAO LIN, a/k/a "King,"

Defendants.

INDICTMENT

10 Cr.

(18 U.S.C. §§ 371, 1546(a), and 2; and 8 U.S.C. § 1325(c))

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.